IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN BRIDAL AND PROM INDUSTRY ASSOCIATION, INC., ALLURE BRIDALS, INC., ALYCE DESIGNS, INC., JOVANI FASHION, LTD., LA FEMME BOUTIQUE, INC., MON CHERI BRIDALS, LLC, MORI LEE, LLC, NEXT CENTURY PRODUCTIONS, INC. d/b/a "SYDNEY'S CLOSET, and PROMGIRL, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SHEN CHEN, et al.,<br><br>Defendants. | Case No. 1:16-cv-00023<br><br>**Judge John Robert Blakey**<br><br>**Magistrate Judge Susan E. Cox** |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiffs, by and through their undersigned counsel, hereby submit this Memorandum of Law in support of their Motion for Entry of a Preliminary Injunction.

1

## INTRODUCTION

Plaintiffs bring this action against the Partnerships and Unincorporated Associations identified on Schedule "A" to the Amended Complaint (collectively, the "Defendants") for federal trademark infringement and counterfeiting (Count I), false designation of origin (Count II), cyberpiracy (Count III), copyright infringement (Count IV), and deceptive trade practices (Count V). As alleged in the Amended Complaint, the Defendants are promoting, advertising, marketing, distributing, offering for sale and selling counterfeit bridal gowns and formalwear under Plaintiffs' trademarks (collectively, the "Counterfeit Products"), through fully interactive commercial Internet websites operating under the domains listed in Schedule "A" to the Amended Complaint (collectively, the "Infringing Websites"). Defendants run a sophisticated counterfeiting operation that involves hijacking Plaintiffs' brand and stealing Plaintiffs' copyrighted images in order to deceive the public and generate profits at Plaintiffs' expense by selling imitation knockoffs in violation of Plaintiffs' intellectual property rights.

## STATEMENT OF FACTS

On January 13, 2016, this Court granted Plaintiffs' *Ex Parte* Motion for Entry of a Temporary Restraining Order, Including (1) A Temporary Injunction; (2) An Order to Temporarily Transfer the Infringing Websites; (3) A Temporary Asset Restraint; (4) Expedited Discovery; and (5) Service of Process by Email and Electronic Publication (the "*Ex Parte* TRO") [Docket No. 30]. The *Ex Parte* TRO authorizes Plaintiffs to provide notice of these proceedings to Defendants by electronically publishing a link to the Amended Complaint and Summons, the *Ex Parte* TRO and other relevant documents on a website to which the Infringing Websites under Plaintiffs' control redirect, or by sending an e-mail to the e-mail addresses identified in Exhibit 1 to the Declaration of Richard J. Holmes and any e-mail addresses provided for

Defendants by third parties that includes a link to said website. *Id.* at p. 23, ¶ 14. Since and pursuant to entry of the *Ex Parte* TRO, Plaintiffs have been working with third party payment providers to freeze the financial accounts associated with the Infringing Websites. *See* Declaration of Richard J. Holmes (hereinafter, "Holmes Declaration") at ¶ 2. Plaintiffs have also been working with third party service providers to transfer and temporarily disable the Infringing Websites pending a final disposition of this case. *Id.*

Plaintiffs respectfully request that this Honorable Court convert the *Ex Parte* TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Counterfeit Products during the pendency of this action. As part of the Proposed Preliminary Injunction Order, Plaintiffs request that the Infringing Websites remain in Plaintiffs' control and that Defendants' financial accounts remain frozen until these proceedings have concluded.

## ARGUMENT

Plaintiffs respectfully request that this Court convert the *Ex Parte* TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. Defendants' operation of the Infringing Websites to sell Counterfeit Products in violation of Plaintiffs' trademark rights and copyrights is causing and will continue to cause irreparable harm to Plaintiffs if the *Ex Parte* TRO is not converted to a preliminary injunction.

I.     A PRELIMINARY INJUNCTION EXTENDING THE RELIEF IN THE EX PARTE TEMPORARY RESTRAINING ORDER IS APPROPRIATE

It is well-settled that the standards for issuing temporary restraining orders are identical to the standards for preliminary injunctions. *Right Field Rooftops, LLC v. Chicago Baseball Holdings, LLC*, 87 F.Supp.3d 874, 877 (N.D. Ill. 2015) (*citing Long v. Board of Educ., Dist. 128*, 167 F.Supp.2d 988 (N.D. Ill. 2001)). "Preliminary relief is properly sought only to avert

3

irreparable harm to the moving party." *Chicago United Indus., Ltd. v. City of Chicago*, 445 F.3d 940, 944 (7th Cir. 2006) (*citing In re Aimster Copyright Litigation*, 334 F.3d 643, 655–56 (7th Cir.2003)). Indeed, Courts in this Judicial District addressing similar allegations of trademark infringement and counterfeiting by online counterfeiters have routinely issued preliminary injunctions following entry of a temporary restraining order. *See, e.g.*, *Deckers Outdoor Corp. v. Chen Bing, et al.*, No. 1:15-cv-09212 (N.D. Ill. Nov. 10, 2015) (unpublished) (granting preliminary injunction following entry of an *ex parte* temporary restraining order); *River Light V, LP, et al. v. Yu Wen Peng, et al.*, No. 1:15-cv-08967 (N.D. Ill. Oct. 29, 2015) (unpublished) (same); *Monster Energy Co. v. The Partnerships, et al.*, No. 1:15-cv-09142 (N.D. Ill. Nov. 5, 2015) (unpublished) (same); *Richemont Int'l, et al. v. Jing Mi Ling, et al.*, No. 1:15-cv-07482 (N.D. Ill. Sept. 16, 2015) (unpublished) (same); *PhD Marketing, Inc., et al. v. Dongguan Betos Electronic Co., et al.*, No. 1:15-cv-07660 (N.D. Ill. Sept. 17, 2015) (unpublished) (same); *Lululemon Athletica Canada, Inc. v. Zai Dao Li, et al.*, No. 1:15-cv-07721 (N.D. Ill. Sept. 23, 2015) (unpublished) (same); *Performance Health Systems, LLC v. Yongkang Union Indus. Co., Ltd., et al.*, No. 1:15-cv-07932 (N.D. Ill. Sept. 30, 2015) (unpublished) (same); *Luxottica Group S.p.A. v. Zhang Yufeng, et al.*, No. 1:15-cv-08245 (N.D. Ill. Oct. 13, 2015) (unpublished) (same); *Oakley, Inc. v. Zhang Yiyi, et al.*, No. 1:15-cv-05963 (N.D. Ill. July 27, 2015) (unpublished) (same); *Richemont Int'l SA, et al. v. Chen Mei, et al.*, No. 1:15-cv-05991 (N.D. Ill. July 23, 2015) (unpublished) (same); *Luxottica Group S.p.A. v. Chen Xiaomin, et al.*, No. 1:15-cv-06197 (N.D. Ill. Aug. 4, 2015) (unpublished) (same); *Guru Demin Inc. d/b/a True Religion Brand Jeans*, No. 1:15-cv-06220 (N.D. Ill. Aug. 3, 2015) (unpublished) (same); *Christian Dior Couture, S.A. v. Lei Liu, et al.*, No. 1:15-cv-06234 (N.D. Ill. Aug. 6, 2015) (unpublished) (same) (hereinafter, collectively referred to as the *The Counterfeit Website Cases*).

To obtain preliminary injunctive relief, the moving party must show that its case has some likelihood of success on the merits, that no adequate remedy at law exists, and that it will suffer irreparable harm if the injunction is not granted. *Personal PAC v. McGuffage*, 858 F.Supp.2d 963, 966 (N.D. Ill. 2012) (*citing Ty, Inc. v. Jones Group, Inc.,* 237 F.3d 891, 895 (7th Cir.2001)). "If [the moving party] makes this threshold showing, the district court weighs the balance of harm to the parties if the injunction is granted or denied and also evaluates the effect of an injunction on the public interest." *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (*citing Am. Civil Liberties Union of Ill. v. Alvarez,* 679 F.3d 583, 589–90 (7th Cir.2012);*Christian Legal Soc'y v. Walker,* 453 F.3d 853, 859 (7th Cir.2006)). The strength of the moving party's likelihood of success on the merits affects the balance of harms. 699 F.3d at 972. "The more likely it is that [the moving party] will win its case on the merits, the less the balance of harms need weigh in its favor." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc.,* 549 F.3d 1079, 1100 (7th Cir.2008).

As established by the uncontroverted evidence in the Declarations of Stephen Lang [Docket No. 12] and Plaintiffs' expert witness, Suren Ter Saakov [Docket No. 13], and by virtue of this Court's entry of the *Ex Parte* TRO, the above requirements for entry of a preliminary injunction have been satisfied. The record establishes that through their illegal operations, Defendants have infringed upon Plaintiffs' federally registered trademarks approximately 36,718,617 times, infringed upon the Mon Cheri Copyright 27,093 times, and infringed upon Plaintiffs' Copyrights approximately 2,340,464 times. *Id.* at ¶ 8. Thus, Plaintiffs are entitled to preliminary injunctive relief.

II.     THE EQUITABLE RELIEF PLAINTIFFS SEEK REMAINS APPROPRIATE

In addition to this Court's inherent authority to issue injunctive relief pursuant to Fed. R. Civ. P. 65, the Lanham Act authorizes courts to issue injunctive relief "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark . . .". 15 U.S.C. § 1116(a).

   A.     The Infringing Websites Transfer Order Remains Appropriate

Plaintiffs seek a conversion of the *Ex Parte* TRO issued by this Court on January 13, 2016, allowing Plaintiffs to retain control of the Infringing Websites until these proceedings conclude. To prevent the Defendants from selling and offering for sale Counterfeit Products through their operation of the Infringing Websites and to provide notice to Defendants regarding these proceedings, Plaintiffs respectfully request that the injunctive relief already awarded be extended through the pendency of this case.

   B.     The Asset Restraining Order Remains Appropriate

Plaintiffs also seek to convert the *Ex Parte* TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Since entry of the *Ex Parte* TRO, Plaintiffs have served the Order upon third party payment providers that have assisted with identifying and freezing a number of financial accounts linked to the Infringing Websites that are offering for sale and/or selling Counterfeit Products. In the absence of a preliminary injunction, Defendants may and likely will attempt to move any assets from any accounts in U.S.-based financial institutions to offshore accounts. Therefore, a preliminary injunction order that requires Defendants' assets to remain frozen for the remainder of the proceedings will preserve the status quo.

Furthermore, as explained in Plaintiffs' Memorandum of Law in Support of *Ex Parte*

TRO [Docket No. 10], many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g.*, *Monster Energy Co. v. The Partnerships, et al.*, No. 1:15-cv-09142, at p.5 (N.D. Ill. Oct. 22, 2015) (unpublished) (granting plaintiff's request for a prejudgment asset freeze in an action arising under the Lanham Act and stating "[t]o the extent that the restraint might be too broad, the defendants may file challenges to the scope of the TRO by submitting evidence that some or all of the money has other sources."); *see also The Counterfeit Website Cases, supra*; *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995) ("A request for equitable relief [under the Lanham Act] invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief."); *Playboy Enter., Inc. v. Baccarat Clothing Co.*, 692 F.2d 1272, 1275 (9th Cir. 1982) (stating that because "it is essential that the trial courts carefully fashion remedies which will take all the economic incentive out of trademark infringement, . . . courts must implement fully the requirement of § 1117(a)(1) [allowing plaintiff] to recover (1) defendant's profits . . .").

Thus, an order continuing to freeze the Defendants' assets pending the conclusion of this action should be granted.

## **CONCLUSION**

In view of the foregoing and consistent with established precedent from previous similar cases, Plaintiffs respectfully request that this Court enter a Preliminary Injunction in the form submitted herewith.

Dated this 20th day of January, 2016.   Respectfully submitted,

 s/ Richard J. Holmes
Richard J. Holmes
818 Water Wheel Court
Charlotte, North Carolina 28209
872.216.4104
legal@counterfeittechnology.com

*Counsel for American Bridal and Prom Industry Association, Inc., Allure Bridals, Inc., Alyce Designs, Inc., Jovani Fashion, Ltd., La Femme Boutique, Inc., Mon Cheri Bridals, LLC, Mori Lee, LLC, Next Century Productions, Inc. d/b/a "Sydney's Closet", and Promgirl, LLC*

Case: 1:16-cv-00023 Document #: 32 Filed: 01/20/16 Page 8 of 9 PageID #:9191

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of January 2016, I will electronically file the foregoing *Memorandum of Law in Support of Plaintiffs' Motion for Entry of a Preliminary Injunction* with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website to which the Infringing Websites that have been transferred to Plaintiffs' control now redirect, and I will send an e-mail to the e-mail addresses identified in Exhibit1 to the Declaration of Richard J. Holmes and any e-mail addresses provided for Defendants by third parties that includes a link to said website.

Dated this 20th day of January, 2016.   Respectfully submitted,

s/ Richard J. Holmes
Richard J. Holmes
818 Water Wheel Court
Charlotte, North Carolina 28209
872.216.4104
legal@counterfeittechnology.com

*Counsel for American Bridal and Prom Industry Association, Inc., Allure Bridals, Inc., Alyce Designs, Inc., Jovani Fashion, Ltd., La Femme Boutique, Inc., Mon Cheri Bridals, LLC, Mori Lee, LLC, Next Century Productions, Inc. d/b/a "Sydney's Closet", and Promgirl, LLC*